IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PATSY NAOMI SAKUMA,<br><br>       Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, *et al.*,<br><br>       Defendants. | Case No. 16-cv-00274-DKW-KJM<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND ORDER** |

On October 28, 2016, this action was dismissed with prejudice because (1) the Court lacked subject matter jurisdiction under *Rooker-Feldman*; (2) the First Amended Complaint failed to state a plausible claim under the Racketeer Influenced and Corrupt Organizations Act (RICO); and (3) the Court declined to exercise supplemental jurisdiction over the remaining state claims ("the October 28, 2016 Order"). Dkt. No. 95. Plaintiff Sakuma then appealed and petitioned the U.S. Supreme Court, but without any success. Now, Sakuma asks for relief from the October 28, 2016 Order because of legal errors allegedly made therein and an intervening change in the law ("the motion for relief"). For the reasons discussed herein, neither of those arguments warrant providing Sakuma relief from the

October 28, 2016 Order and, therefore, the motion for relief is DENIED.

**RELEVANT BACKGROUND**

The procedural and factual background of this action, as well as the many other actions involving Sakuma and some of the defendants, is set forth in the October 28, 2016 Order. Dkt. No. 95 at 2-13. The Court picks up with rulings in that Order. First, the Court found that the First Amended Complaint (FAC) failed to establish the Court's subject matter jurisdiction over this action in light of the *Rooker-Feldman* doctrine.[1] More specifically, the Court found that, because Sakuma sought to overturn final state court decisions, *Rooker-Feldman* barred exercising jurisdiction over her claims. The Court also rejected all of Sakuma's arguments for why *Rooker-Feldman* was inapplicable. Second, the Court found that the FAC failed to state a plausible claim under RICO. Further, because Sakuma's RICO claim was the only claim involving federal law, the Court declined to exercise supplemental jurisdiction over her remaining state law claims.

The October 28, 2016 Order was entered roughly a month after a hearing on the various motions to dismiss that had been filed in this action. At said hearing, the Court stated that this case would be dismissed with a written order to follow. Dkt. No. 87. A week after the hearing, but before issuance of the October 28, 2016

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Order, Sakuma filed a notice of appeal of the Court's oral pronouncement. Dkt. No. 88.

On December 21, 2017, the Ninth Circuit Court of Appeals affirmed the dismissal of this action. Dkt. No. 97. More specifically, the Ninth Circuit stated that it could affirm on any basis supported by the record and concluded that dismissal was proper "because Sakuma failed to allege facts sufficient to state a plausible RICO claim." *Id*. at 2 (citations omitted). The Ninth Circuit also stated that it would not consider matters "not specifically and distinctly raised and argued in the opening brief." *Id*. (citation omitted). On May 1, 2018, the Ninth Circuit denied Sakuma's petitions for panel rehearing and rehearing en banc. Dkt. No. 99. On October 9, 2018, the U.S. Supreme Court denied Sakuma's petition for a writ of certiorari. Dkt. No. 102. On December 6, 2018, the Supreme Court denied Sakuma's petition for rehearing.

Sakuma then filed the instant motion for relief on April 30, 2019 before this Court. Dkt. No. 104. On May 14 and 15, 2019, certain defendants filed oppositions to the motion for relief. Dkt. Nos. 110, 111. On May 30 and 31, 2019, Sakuma replied to the two oppositions. Dkt. Nos. 115, 116. The Court has elected, pursuant to Local Rule 7.2(d), to decide the motion for relief without a hearing. Dkt. No. 106.

## **LEGAL STANDARD**

Sakuma moves under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 104. Pursuant to Rule 60(b)(6), a court may relieve a party from a final judgment or order for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). In addition, a Rule 60(b) motion must be filed within a reasonable time. Fed.R.Civ.P. 60(c)(1).

## **DISCUSSION**

In her opening memorandum, Dkt. No. 104-1, Sakuma provides two reasons why she should be provided relief from the October 28, 2016 Order. The first reason is a number of purported legal errors that this Court made in finding that *Rooker-Feldman* barred exercising subject matter jurisdiction over this action. The second reason is a purported change in the law since entry of the October 28, 2016 Order.[2] The Court addresses each reason in turn.

First, Sakuma asserts that a number of legal errors were made when the Court found the exercise of subject matter jurisdiction to be barred by *Rooker-Feldman*. Sakuma also appears to assert that the Ninth Circuit erred in not correcting this Court's purported legal errors. None of the ascriptions of error, however, are determinative of whether Sakuma may be relieved from the October 28, 2016 Order.

---

[2]Sakuma also asserts that the Ninth Circuit's affirmance of the dismissal of this action does not have "preclusive effect…." Dkt. No. 104-1 at 19. Even if true, that is not a reason for relieving Sakuma from the October 28, 2016 Order.

4

This is because the Court also dismissed this action due to the failure to allege a plausible RICO claim in the FAC. As previously stated, in affirming the dismissal of this action, the Ninth Circuit concluded that dismissal was proper because Sakuma failed to allege facts sufficient to state a plausible RICO claim. In other words, in order for legal error to justify relief from the October 28, 2016 Order, at a bare minimum, such error would need to involve the RICO claim, the only alleged basis for the exercise of jurisdiction. None of the ascriptions of error, however, concern the RICO claim. Therefore, irrespective of anything else that may be required for legal error to justify relief from a final judgment or order, the purported legal errors here do not justify the relief sought. As a result, the motion for relief is denied to the extent it relies on purported legal errors.

Second, Sakuma argues that a case decided by the Seventh Circuit Court of Appeals since entry of the October 28, 2016 Order constitutes an intervening change in the law that warrants relief under Rule 60(b)(6). The Seventh Circuit case is *Simpson v. Brown*, 860 F.3d 1001 (7th Cir. 2017). According to Sakuma, in *Simpson*, the Seventh Circuit *sua sponte* staved off dismissal of an attorney-drafted, third amended complaint by both raising and rejecting a defense that had not previously been an issue in the case. See Dkt. No. 104-1 at 27.[3]

---

[3]This is a very liberal construction of Sakuma's characterization of the *Simpson* case, given that Sakuma's actual summary of the same is difficult to follow.

This, obviously, does not concern law (let alone a change in the law) that was applied in dismissing this case either in the October 28, 2016 Order or the Ninth Circuit's affirmance, as *Simpson* has nothing to do with *Rooker-Feldman* or RICO. Sakuma, instead, appears to contend that *Simpson* requires a court to construe one of the claims she raised in the FAC as a different claim in order to stave off dismissal of this action. *See id*. at 30.[4] Even if the Court was willing to assume that the foregoing could constitute a change in the law for Rule 60(b) purposes,[5] Sakuma's characterization of *Simpson* would not change anything the Court did in the October 28, 2016 Order. Put another way, in dismissing the FAC, the Court did not refuse to do something that *Simpson* now purportedly allows the Court to do. On October 28, 2016, the Court could have construed the allegations in the FAC as raising a plausible claim under federal law, *but only if* those allegations could be so construed.[6] Nothing in the law prevented the Court from doing this and nothing in

---

[4]Specifically, Sakuma states the following: "Here, Sakuma requests that this Court apply *Simpson* to sua sponte apply §§ 1993, 1985(2), and (3) for stated but unlabeled statutory claims to starve [*sic*] off dismissal on the merits, and notice by labeling the state law equivalent of 'abuse of process' in the [FAC]."

[5]As far as the Court is concerned, the part of *Simpson* upon which Sakuma relies is not "law." In *Simpson*, the Seventh Circuit merely stated that, even if a defense had been asserted in the case, the allegations in the complaint were sufficient to defeat it. *Simpson*, 860 F.3d at 1006. The Seventh Circuit made this statement in order to "address the pleading posture" of the case. *Id*. at 1005. In other words, to explain why the substantive merits of a claim could be addressed when, ordinarily, the claim could not be raised against the defendants named in the case.

[6]The allegations in the FAC, however, could not be so construed. Sakuma does not adequately explain otherwise. Instead, she asks this Court to construe her state law claim for "abuse of process" as multiple claims under various federal statutes and then provides a laundry list of paragraphs from the FAC that she says "categorize[]" a conspiracy to obstruct justice. *See* Dkt. No. 104-1 at 30-32. At no point does Sakuma explain why any of the FAC's allegations should

the law, *Simpson* included, has changed in that regard. Sakuma does not accurately contend otherwise. Instead, she appears to contend that, because she cannot find a Ninth Circuit decision sua sponte raising a claim in an attorney-drafted, as opposed to a pro se-drafted, complaint, *Simpson* "extends" Ninth Circuit law.[7] *See id*. at 29-30. This is not a "change" in the law. *See Phelps v. Alameida*, 569 F.3d 1120, 1136 (9th Cir. 2009) (explaining that Rule 60(b)(6) relief was appropriate when, *inter alia*, "the law in our circuit was decidedly *un* settled…..").[8] As a result, the motion for relief is denied to the extent it relies on a purported change in the law.[9]

---

be construed as alleging claims under the federal statutes she cites. Having independently reviewed the FAC, the Court cannot discern how any of the allegations support a claim under these statutes either, including Sakuma's contention of a conspiracy. Simply put, the conclusory assertions that defendants "associated together" or "conspired" do not plausibly allege a claim of conspiracy.

[7]Of course, in *Simpson*, the Seventh Circuit did not sua sponte raise a *claim* on behalf of any party, pro se or attorney-represented. Instead, *Simpson* is quite clear that the parties litigated a plausible claim on the merits, but an unraised defense may (but did not at the pleading stage) apply. Sakuma asks this Court to do something far different. In addition, although Sakuma alleges that she is an attorney licensed in California, *see* Dkt. No. 9 at ¶ 50, she proceeded in this case pro se. The FAC was construed with that in mind. *See* Dkt. No. 95 at 21 (acknowledging that pro se complaints are liberally construed and describing Sakuma as a pro se plaintiff). As such, *Simpson* does not appear to be at all relevant to this case, even when considered in the manner in which Sakuma frames it.

[8]Sakuma appears to believe that this conclusion in *Phelps* supports her reliance upon *Simpson* because *Simpson* "does not overturn any settled legal precedents in the Ninth Circuit." *See* Dkt. No. 104-1 at 29. The fact that *Simpson* does not upset Ninth Circuit law is *not* something that favors granting Sakuma any relief. Instead, it merely demonstrates why *Simpson* does not represent a change in the law.

[9]The Court notes that, rather than relying on a change in the law, the motion for relief, more accurately, seeks an opportunity for Sakuma to amend the FAC by adding claims under various federal statutes. *See* Dkt. No. 116 at 14 (asserting, in her reply, that Sakuma has a right to amend the FAC). Although, in the October 28, 2016 Order, the Court did not allow leave to amend the FAC, Sakuma could have moved under Rule 59(e) to alter, or, after 28 days, Rule 60(b) for relief from, that decision. Sakuma did not take these approaches, even though she now contends that her new claims were present in the FAC. *See id*. This is another reason why relief under Rule 60(b) is inappropriate here: Sakuma has simply moved unreasonably late for the relief she actually

## CONCLUSION

Because the reasons Sakuma provides for Rule 60(b)(6) relief are meritless, not dispositive, and/or irrelevant, the motion for relief, Dkt. No. 104, is DENIED.

IT IS SO ORDERED.

Dated: June 14, 2019 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

seeks. *See* Fed.R.Civ.P. 60(c)(1).