IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PATSY NAOMI SAKUMA,<br><br>      Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, *et al.*,<br><br>      Defendants. | Case No. 16-cv-00274-DKW-KJM<br><br>**ORDER (1) GRANTING MOTION FOR LEAVE TO FILE AMENDED RENEWED MOTION FOR RELIEF FROM JUDGMENT, AND (2) DENYING AMENDED RENEWED MOTION FOR RELIEF FROM JUDGMENT[1]** |

In another attempt to resurrect this civil action, Plaintiff Patsy Naomi Sakuma, proceeding pro se, moves for reconsideration of a June 14, 2019 Order of this Court and a January 26, 2021 Order of the Ninth Circuit Court of Appeals affirming the June 14, 2019 Order. For the following reasons, Sakuma's motion, Dkt. No. 138, is DENIED.[2]

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide these matters without a hearing and without additional briefing.

[2] Sakuma has filed an original and amended renewed motion for relief from judgment. Dkt. Nos. 137-138. While the motion for leave to amend is largely incomprehensible, liberally construed, arguably, Sakuma seeks to "amend" her original motion due to a service issue with the original. Sakuma does not appear, though, to seek to make any substantive changes to the renewed motion for relief from judgment. Accordingly, the motion for leave to amend is GRANTED to the extent that the Court will consider the amended renewed motion, as opposed to the original renewed motion, in weighing Sakuma's entitlement to relief. As a result, the original renewed motion for relief from judgment, Dkt. No. 137, is DENIED AS MOOT.

First, with respect to the January 26, 2021 Order, this Court has no authority to reconsider a decision of the Ninth Circuit: that is simply not how the legal system or the rules of civil or appellate procedure work.

Second, with respect to the June 14, 2019 Order, although Sakuma's motion has been liberally construed, there is simply no basis provided therein to reconsider the Order.  Specifically, in the June 14, 2019 Order, the Court denied an earlier motion for reconsideration Sakuma filed because none of the purported errors Sakuma identified materially affected the dismissal of her claim under the Racketeer Influenced and Corrupt Organizations Act (RICO) for failure to allege a plausible claim.[3]  Similarly, now in the instant motion, although Sakuma appears to contend that an intervening change in the law should result in reconsideration,[4] she once again fails to explain how that purported change in the law affects the Court's finding that her RICO claim was not plausibly alleged.[5]

---

[3] Among other things, Sakuma primarily challenged the Court's finding that her RICO claim was *also* subject to dismissal due to a lack of subject matter jurisdiction under *Rooker-Feldman*−an argument that did not address the lack of plausibility to the claim.  See Dkt. No. 117 at 4-5.
[4] The purported change in the law cited by Sakuma is *Kemp v. United States*, 142 S.Ct. 1856 (2022).
[5] Rather, Sakuma appears to believe that the purported change in the law somehow affects events that took place while she was litigating before the Ninth Circuit.  See Dkt. No. 138-5 at 15-16.  To the extent Sakuma does invoke any of *this* Court's decisions, *see id*. at 20-21, she fails to explain how *Kemp* affects the finding that her RICO claim was not plausibly alleged, *see id*., (citing to a case that is not *Kemp* and arguing that her RICO claim should be saved from dismissal because *Rooker-Feldman* did not apply), a failure that is not surprising, given that *Kemp* has nothing to do with RICO.  Moreover, even if Sakuma now contends that she plausibly alleged a RICO claim, *see id*. at 22, this is not a reason for reconsideration.  *See Stephens v. Cty.*

Finally, Sakuma's motion is untimely, whether brought under Federal Rule of Civil Procedure 60(b)(1) or (b)(6)−the two grounds on which Sakuma purports to rely. Pursuant to Rule 60(c)(1), a motion for reconsideration brought under Rule 60(b)(1) may be filed no more than one year "after the entry of the judgment or order or the date of the proceeding." Here, both the June 14, 2019 Order and the January 26, 2021 Order were entered more than one year before the filing of the original renewed motion on November 10, 2022. A motion for reconsideration brought under Rule 60(b)(6) must be brought within a reasonable time. Fed.R.Civ.P. 60(c)(1). Here, there is nothing reasonable about Sakuma's continued efforts to re-open this proceeding while relying on case law that has no effect on the reasons for dismissal.

Accordingly, the amended renewed motion for relief from judgment, Dkt. No. 138, is DENIED.

IT IS SO ORDERED.

Dated: November 28, 2022 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

*of Haw. Police Dep't*, 584 F. App'x 506, 507 (Mem) (9th Cir. Aug. 14, 2014) (stating that mere "disagreement" with a district court's order is not a valid basis for reconsideration); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (same).