IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PATSY NAOMI SAKUMA,<br><br>Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, *et al.*,<br><br>Defendants. | Case No. 16-cv-00274-DKW-KJM<br><br>**ORDER DENYING AMENDED MOTION FOR LEAVE OF COURT TO FILE FIRST NEW MOTION FOR RELIEF FROM JUDGMENT**[1] |

In what now appears to be a triennial ritual, Plaintiff Patsy Sakuma, proceeding without counsel, moves for relief from judgment in this long-decided and closed case that began in 2016. Specifically, in what she describes as a "first new motion" for relief from judgment, Dkt. No. 154, Sakuma contends that a recent decision by the United States Supreme Court, *BLOM Bank SAL v. Honickman*, 605 U.S. __, 145 S.Ct. 1612 (2025), "overturns" a decision of the Ninth Circuit Court of Appeals, which affirmed the denial of an earlier motion for relief from judgment Sakuma filed. For the following reasons, Sakuma's "first new motion" is DENIED.[2]

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide this matter without a hearing and without additional briefing.
[2] The Court notes that the "first new motion" is not "first", given that Sakuma has filed at least

First, as this Court has previously explained to Sakuma, to the extent she seeks reconsideration of a decision by the Ninth Circuit, which appears to be the principal thrust of all her arguments in the "first new motion", this Court has no authority to do so. Dkt. No. 140 at 2.

Second, although Sakuma asserts that the Court's last Order denying a motion for relief from judgment in this case was "incorrectly decided[]", Sakuma does not explain how or why. *See* Dkt. No. 154-1 at 4. Instead, as just-mentioned, the only reasons Sakuma appears to give for why this Court erred is her belief that the "theory or reasoning of prior Ninth Circuit decisions" has been "undermine[d]". *Id.* The decisions of the Ninth Circuit alone, however, have nothing to do with whether *this Court* should reconsider a prior decision.

Third, even if Sakuma's confused assignment of blame is set aside, she provides no accurate or understandable explanation for how *BLOM* helps her. Instead, the decision provides no help to Sakuma at all. More specifically, as Sakuma appears to acknowledge, *see* Dkt. No. 154-1 at 10-11, in *BLOM*, the Supreme Court held that, when a party seeks relief from judgment, "*only* Rule 60(b)'s standard" applies, even if a party seeks to reopen a case in order to file an

---

two other motions for relief from judgment, one in 2019 and the other in 2022.  Dkt. Nos. 104, 138.

amended complaint. *BLOM Bank*, 145 S.Ct. at 1621 (emphasis in original).

Here, Sakuma has never formally sought leave to amend after entry of judgment.

Further, to the extent her prior requests for relief from judgment could be

construed as seeking leave to amend, *see* Dkt. No. 117 at 7 n.9, this Court *applied*

Rule 60(b)(6) to Sakuma's arguments, *see id*. at 4.   In other words, this Court

followed the principles set forth in *BLOM*.[3][4]

    Fourth, as with Sakuma's prior motions for relief from judgment, she once

again fails to explain how any of the arguments she now raises effect the

underlying dispositive decision in this case.   Specifically, as this Court has

repeatedly explained, the Ninth Circuit affirmed dismissal of this case on the

ground that Sakuma had "failed to allege facts sufficient to state a plausible

[Racketeer Influenced and Corrupt Organizations Act] RICO claim."   Dkt. No.

---

[3]In *BLOM*, the Supreme Court also "reaffirmed" its longstanding precedent that relief under Rule 60(b)(6), such as the relief Sakuma seeks (and has sought in the past) here, "should only be applied in extraordinary circumstances."  *Id*. at 1620 (quotations omitted).   That plainly does not help Sakuma, given that it is the same principle applied in each of this Court's decisions.
[4]Sakuma also appears to rely upon the Supreme Court's explanation that "[d]istrict courts' Rule 60(b) rulings are reviewed only for abuse of discretion."  *BLOM Bank*, 145 S.Ct. at 1622 (quotations omitted); *see* Dkt. No. 154-1 at 11.   Of course, the standard an appellate court uses to review this Court's decisions has no bearing on whether this Court should reconsider the same.   In any event, the Court notes that, in affirming this Court's decisions, the Ninth Circuit applied an abuse of discretion standard, just as *BLOM* has instructed.   *See* Dkt. No. 131 at 2; Dkt. No. 146 at 2.

117 at 3 (quotation omitted).  Nothing in the instant motion, including *BLOM*, have any discernible relevance to that determination.

Finally, the instant motion is untimely, whether construed as brought under Federal Rule of Civil Procedure 60(b)(1) or (b)(6)−the two grounds on which Sakuma purports to rely.  Pursuant to Rule 60(c)(1), a motion for reconsideration brought under Rule 60(b)(1) may be filed no more than one year "after the entry of the judgment or order or the date of the proceeding."  Here, at best, Sakuma may challenge "this Court's November 28, 2022 Order", *see* Dkt. No. 154-1 at 4, which was obviously entered more than one year before the instant motion was filed in September 2025.  A motion for reconsideration brought under Rule 60(b)(6) must be brought within a reasonable time.  Fed.R.Civ.P. 60(c)(1).  Here, as this Court has stated in the past, there is nothing reasonable about Sakuma's continued efforts to re-open this proceeding while relying on case law that has no effect on the reasons for dismissal.  Dkt. No. 140 at 3.

For this multitude of reasons, Sakuma's "first new motion", Dkt. No. 154, is DENIED.[5]

IT IS SO ORDERED.

Dated: September 4, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

*Patsy Naomi Sakuma v. Association of Apartment Owners of the Tropics at Waikele, et al*; Civil No. 16-00274 DKW-KJM; **ORDER DENYING AMENDED MOTION FOR LEAVE OF COURT TO FILE FIRST NEW MOTION FOR RELIEF FROM JUDGMENT**

---

[5] In light of Sakuma filing an "amended" motion for leave to file first new motion for relief from judgment, Dkt. No. 154, the original motion for leave of court to file first new motion for relief from judgment, Dkt. No. 153, is DENIED AS MOOT.

5